**KATES NUSSMAN RAPONE**
**ELLIS & FARHI, LLP**
190 Moore Street, Suite 306
Hackensack, NJ 07601
(201) 488-7211 (ph)
**Attorneys for Defendant**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALBERTO SALVI,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**495 BOULEVARD ASSOCIATION, LLC, a New Jersey limited liability company, d/b/a 495 INDUSTRIAL PARK,**<br><br>    **Defendant.** | **Civil Action No. 2:15-cv-06459 MCA-LDW**<br><br><br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant **495 Boulevard Association, LLC,** a New Jersey limited liability company d/b/a **495 Industrial Park,** by and through their attorneys Kates, Nussman, Rapone, Ellis & Farhi LLP for their Answer and Affirmative Defenses, states as follows:

## JURISDICTION AND PARTIES

1.    It denies the allegations of in Paragraph 1 of the Complaint.

2.    It is without knowledge sufficient to form a belief as to the facts alleged in Paragraph 2 of the Complaint and leave the Plaintiff to his proofs.

3.    It denies the allegations of in Paragraph 3 of the Complaint.

4.    It denies the allegations of in Paragraph 4 of the Complaint.

5.    It denies the allegations of in Paragraph 5 of the Complaint.

6.      It is without knowledge sufficient to form a belief as to the facts alleged in Paragraph 6 of the Complaint and leave the Plaintiff to his proofs.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.      It admits the allegations of Paragraph 7 of the Complaint.

8.      It admits the allegations of Paragraph 8 of the Complaint.

9.      It admits the allegations of Paragraph 9 of the Complaint.

10.     It denies the allegations of Paragraph 10 of the Complaint

11.     It denies the allegations of Paragraph 11 of the Complaint

12.     It denies the allegations of Paragraph 12 of the Complaint.

13.     It denies the allegations of Paragraph 13 of the Complaint.

14.     It denies the allegations of Paragraph 14 of the Complaint.

15.     It denies the allegations of Paragraph 15 of the Complaint.

16.     It denies the allegations of Paragraph 16 of the Complaint.

17.     It denies the allegations of Paragraph 17 of the Complaint.

18.     It denies the allegations of Paragraph 18 of the Complaint.

19.     It denies the allegations of Paragraph 19 of the Complaint.

20.     It denies the allegations of Paragraph 20 of the Complaint.

21.     It denies the allegations of Paragraph 21 of the Complaint.

## COUNT II – VIOLATIONS OF THE
## NEW JERSEY LAW AGAINST DISCRIMINATION

22.     It repeats each and every response to the allegations of Paragraphs 1 through 21 of the Complaint as if set forth herein at length.

23.     It admits the allegations of Paragraph 23 of the Complaint.

24.    It admits the allegations of Paragraph 24 of the Complaint.

25.    It admits the allegations of Paragraph 25 of the Complaint.

26.    It denies the allegations of Paragraph 26 of the Complaint.

27.    It admits the allegations of Paragraph 27 of the Complaint.

28.    It admits the allegations of Paragraph 28 of the Complaint.

29.    It denies the allegations of Paragraph 29 of the Complaint.

30.    It denies the allegations of Paragraph 30 of the Complaint.

31.    It denies the allegations of Paragraph 31 of the Complaint.

32.    It denies the allegations of Paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The   Complaint fails to state claims upon which relief can be granted against them.

2.    The Complaint is barred by the applicable statute of limitations and/or statute of repose governing such claims.

3.    Plaintiff's claims against the Defendant is barred by defective service under FRCP 5.

4.    Plaintiff lacks subject matter jurisdiction under 28 U.S.C. § 1332.

5.    No act or omission of Defendant was the proximate cause of any damages claimed to have been sustained by Plaintiff.

6.    If Plaintiff sustained injuries or damages, those injuries or damages were proximately caused by the superseding intervening actions of others.

7.     Plaintiff's claims against Defendant are barred by the doctrine of equitable estoppel.

8.     Plaintiff's claims against Defendant are barred by the doctrine of laches.

12.    Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

13.    Plaintiff's claims against Defendant are barred by the doctrine of waiver.

14.    Any actions by Defendant were legitimate and lawful.

15.    Defendant will rely upon such other defenses as may become available or apparent as the case progresses and reserves the right to amend this Answer to assert such defenses.

16.    Plaintiff's claims against Defendant, or his claimed damages, are barred or reduced by its mitigation, or its failure to mitigate, those claims or claimed damages.

17. Plaintiff's claims against Defendant are barred by its contributory and/or comparative fault.

18.    Plaintiff's claims against Defendant are barred by his own negligence.

19.    Plaintiff's claims against Defendant are barred by his own conduct, misconduct, acts, breaches of obligations and/or contracts and/or omissions.

20.    Plaintiff's claims against Defendant are barred by its failure to properly plead as to them.

21.    Defendant at all times acted within the bounds of its rights and obligations.

22.    Any damages suffered by Plaintiff were the result of acts, omissions, negligence and/or breach of contract of third parties over which Defendant exercised no control.

23. Plaintiff's claims against Defendant constitutes bad faith and/or "frivolous litigation" under FRCP 11(b).

4

24.     Defendant's premises is not covered by the provisions of the Americans With Disabilities Act of 1990 and the regulations pertaining to the same cited in the Complaint.

25.     In the alternative, Defendant's premises were compliant with the applicable provisions of the Americans With Disabilities Act of 1990 and the regulations pertaining to the same cited in the Complaint.

26.     Defendant's premises is not covered by the provisions of the New Jersey Law Against Discrimination and the regulations pertaining to the same cited in the Complaint.

25.     In the alternative, Defendant's premises were compliant with the applicable provisions of the New Jersey Law Against Discrimination  and the regulations pertaining to the same cited in the Complaint.

26.     Plaintiff lacks standing to file his Complaint.

27.     Plaintiff has failed to meet the requisite standard for injunctive relief.

**WHEREFORE,**  Defendant demands judgment:

(A) Dismissing the Complaint against these Defendants with prejudice;

(B) Awarding them reasonable attorneys' fees, expenses and costs incurred in defense of this action; and

(C) Awarding them such other relief this Court deems just and equitable.

> **KATES, NUSSMAN, RAPONE,**
> **ELLIS & FARHI, LLP**
> Attorneys for Defendants
>
> /s/  Michael Farhi, Esq.
> Michael Farhi

Dated:  October 14, 2015

5

## DESIGNATION OF TRIAL COUNSEL

Michael Farhi, Esq. and Matthew Z. Earle, Esq. are hereby designated as trial counsel in this matter.

## REQUEST FOR STATEMENT OF DAMAGES

In accordance with Rule 8.1 of the Local Civil Rules of the United States District Court for the District of New Jersey, demand is made, within 10 days after service hereof, for a written statement of the amount of damages claimed in this action.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that to my best knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

KATES, NUSSMAN, RAPONE,
ELLIS & FARHI, LLP
Attorneys for Defendant

/s/ Michael Farhi, Esq.
Michael Farhi

Dated:     October 14, 2015